| | |
|---|---|
| DASHAY HALL SR., | ) Case No: <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| JEDIDIAH BROWN (a/k/a "Black", "Jed", "JB", "Tootie"), MARK AVINGTON (a/k/a "Money Boy Trey", "Petty Goat", "Trey", "MB", "Petty Springer"), MARY AVENT (a/k/a "Momma Mary", "Carolyn Avent"), KIANA BELCHER, SHERRY HATCHER-BRITTON, VALERIE GAIL GRIFFIN, and JOHN DOE CO-CONSPIRATORS (1-44), Defendants. | ) MEMORANDUM OF LAW <br> ) IN SUPPORT OF <br> ) PLAINTIFF'S MOTION <br> ) FOR LEAVE TO SERVE <br> ) THIRD-PARTY <br> ) SUBPOENAS FOR THE <br> ) PURPOSE OF LOCATING <br> ) AND IDENTIFYING <br> ) DEFENDANTS |

FILED

NOV 21 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

1

## I. INTRODUCTION

1. Plaintiff DaShay Hall Sr. submits this Memorandum of Law in support of his Motion for Leave to serve limited, immediate discovery on third-party service providers (specifically Meta Platforms, Inc., Google LLC/YouTube, and X Corp.) to obtain physical addresses and subscriber information for all Defendants.

2. While the Plaintiff has identified nine (9) Defendants by name, these Defendants are actively concealing their physical locations to evade service of process. Without this early discovery, Plaintiff cannot serve the Complaint, and the Defendants will succeed in their publicly stated goal of mocking the judicial process.

## II. FACTUAL BACKGROUND

3. As detailed in the Complaint filed concurrently herewith, the Defendants operate a "Strike Team" enterprise that relies on digital coordination and physical evasion.

4. Admitted Evasion: The Principal Defendant, Jedidiah Brown, has publicly taunted potential process servers, stating on video: "Stop sending sheriff's notices to Mary Avant's house... I don't live there anymore... find me ho." (Complaint ¶ 54).

5. The "John Does": The remaining 44 co-conspirators operate solely under digital aliases (e.g., "Good Citizen," "Fat Mack") and cannot be served without subscriber identification.

6. Exclusive Knowledge: The third-party platforms (Facebook, YouTube) possess the verified phone numbers, IP logs, and billing addresses for these accounts, which are necessary to effectuate service.

## III. LEGAL STANDARD

2

7. Federal Rule of Civil Procedure 26(d)(1) generally prohibits discovery prior to the parties' Rule 26(f) conference. However, the Rule allows the Court to order otherwise. In the Tenth Circuit, courts apply a "good cause" standard to determine whether to permit expedited discovery. Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003).

8. "Good cause" is established where "physical identity [or location] is unknown" and the suit cannot proceed without it. Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010). Courts routinely grant leave to subpoena Internet Service Providers (ISPs) and social media platforms when a defendant is identifiable online but their physical location for service is unknown.

## IV. ARGUMENT

9. Plaintiff satisfies the "Good Cause" standard because the Defendants are actively hiding behind digital anonymity to avoid liability.

A. Defendants Are Actively Evading Service

10. The Defendants are not merely hard to find; they are hiding. Defendant Brown's admission that he no longer resides at his known address and his challenge to "find me" proves that traditional methods (like sending a process server to a last known address) will fail and incur unnecessary costs.

B. No Alternative Means Exist

11. Plaintiff has no other way to obtain these addresses. The Defendants have scrubbed their physical locations from the public internet while maintaining active, monetized social media profiles. Meta and Google possess the login IP logs and Two-Factor Authentication (2FA) phone numbers that can pinpoint their current locations for service.

C. The Request is Narrowly Tailored

12. Plaintiff does not seek to rummage through private emails or messages. Plaintiff seeks only the minimum data required to serve the lawsuit:

a. Subscriber Names (for the John Does);

b. Verified Physical Addresses;

c. Verified Phone Numbers;

d. IP Address Logs (to determine physical location via geolocation).

V. CONCLUSION

13. For the foregoing reasons, Plaintiff requests leave to issue Rule 45 Subpoenas to Meta, Google, and X Corp immediately. Once these providers return the physical addresses, Plaintiff will be able to direct the U.S. Marshals to effect service and move this case forward.

Dated: November 21, 2025

Respectfully submitted,

*[signature]*

DaShay Hall Sr.

629 Westridge Court

Yukon, OK 73099

AriFootball25@gmail.com

4